# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
### HARTFORD DIVISION

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE No. | 16-20960 (JJT) |
| | ) | | |
| WALNUT HILL, INC., | ) | | |
| DEBTOR. | ) | CHAPTER | 7 |
| | ) | | |
| | ) | | |
| BONNIE C. MANGAN, TRUSTEE, | ) | ADV. PRO. No. | 18-02028 (JJT) |
| | ) | | |
| PLAINTIFF | ) | | |
| V. | ) | RE: ECF No. | 18, 38, 40 |
| | ) | | |
| TL MANAGEMENT, LLC; CT FINANCE | ) | | |
| 1, LLC; PARKSIDE REHABILITATION | ) | | |
| AND HEALTHCARE CENTER, LLC; | ) | | |
| GRAND STREET NURSING, LLC; | ) | | |
| GRAND STREET REAL ESTATE, LLC; | ) | | |
| GRAND STREET PL, LLC; TUNIC | ) | | |
| CAPITAL, LLC; TEDDY LICHTSCHEIN; | ) | | |
| ELIEZAR SCHEINER; ANNEMARIE | ) | | |
| GRIGGS, | ) | | |
| | ) | | |
| DEFENDANTS. | ) | | |

## APPEARANCES

Bonnie C. Mangan                                          Chapter 7 Trustee
Law Office of Bonnie C. Mangan, P.C.
1050 Sullivan Avenue, Suite A3
South Windsor, CT 06074


Lawrence S. Grossman                          Attorney for Bonnie C. Mangan, Trustee
Green & Sklarz, LLC
700 State Street, Suite 100
New Haven, CT 06511

David C. Shufrin                                    Attorney for Bonnie C. Mangan, Trustee
Hurwitz, Sagarin, Slossberg & Knuff, LLC
147 North Broad Street, P.O. Box 112
Milford, CT 06460


Elizabeth A. Green                          Attorneys for Defendants TL Management, LLC;
Wendy Cramer Townsend                           CT Finance 1, LLC; Parkside Rehabilitation
Baker & Hostetler LLP                              and Healthcare Center, LLC; Grand Street
200 South Orange Avenue, Suite 2300             Nursing, LLC; Grand Street Real Estate, LLC;
Orlando, FL 32801                                  Grand Street PL, LLC; Tunic Capital, LLC;
                                                Teddy Lichtschein; and Eliezar Scheiner


Kevin J. McEleney                           Attorney for Defendants TL Management, LLC;
Updike, Kelly & Spellacy, P.C.                  CT Finance 1, LLC; Parkside Rehabilitation
100 Pearl Street, P.O. Box 231277                  and Healthcare Center, LLC; Grand Street
Hartford, CT 06123                              Nursing, LLC; Grand Street Real Estate, LLC;
                                                   Grand Street PL, LLC; Tunic Capital, LLC;
                                                Teddy Lichtschein; and Eliezar Scheiner


Timothy D. Miltenberger                       Attorney for Defendant Annemarie Griggs
Coan, Lewendon, Gulliver & Miltenberger, LLC
495 Orange Street
New Haven, CT 06511


## RULING AND MEMORANDUM OF DECISION
## ON DEFENDANTS' MOTION TO DISMISS

### I.    INTRODUCTION

Before the Court is the Defendants'[1] motion to dismiss ("Motion," ECF No. 18) in part

the adversary complaint ("Complaint," ECF No. 1) filed by Bonnie C. Mangan, the Chapter 7

Trustee ("Trustee"). The crux of the Defendants' argument is that, pursuant to Fed. R. Civ. P.

12(b)(6), as made applicable to this proceeding by Fed. R. Bankr. P. 7012(b), the Trustee has

failed to state claims upon which relief may be granted because she has not adequately pleaded

---

[1] The moving defendants include all named defendants except for Annemarie Griggs ("Ms. Griggs"). These include: TL Management, LLC; CT Finance 1, LLC, Parkside Rehabilitation and Healthcare Center, LLC ("Parkside"); Grand Street Nursing, LLC; Grand Street Real Estate, LLC; Grand Street PL, LLC ("Grand Street PL"); Tunic Capital, LLC; Teddy Lichtschein; and Eliezar Scheiner. All references in this opinion to the Defendants shall be to these parties and not Ms. Griggs. Where necessary, the Court will refer to the Defendants individually.

the elements of a collapsible fraudulent transfer. The Trustee, in her memorandum of law in

opposition to the Motion ("Memorandum," ECF No. 38), argues that the Complaint alleged valid

claims for relief and that the Defendants' arguments ignore the interrelatedness of the various

transactions and assume facts unrelated to the allegations.

The Court assumes the parties' familiarity with the factual and legal allegations in the

Complaint. Having reviewed those allegations, the Court GRANTS the Motion in part and

DENIES the Motion in part.

II.     APPLICABLE LAW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face. A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged. The plausibility standard is not

akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant

has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and internal

quotation marks omitted). "A pleading that offers labels and conclusions or a formulaic recitation

of the elements of a cause of action will not do." *Id.* (citation and internal quotation marks

omitted). "[A] court considering a motion to dismiss can choose to begin by identifying

pleadings that, because they are no more than conclusions, are not entitled to the assumption of

truth. While legal conclusions can provide the framework of a complaint, they must be supported

by factual allegations. When there are well-pleaded factual allegations, a court should assume

their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

at 679. "Determining whether a complaint states a plausible claim for relief will . . . be a context-

specific task that requires the reviewing court to draw on its judicial experience and common

sense." *Id.*

III.    DISCUSSION

At the outset, the Court must note a global argument of the Defendants that is meritless.

The Defendants argue in several places in the Motion that many counts in the Complaint,

specifically Counts 1–5 and 18–20, should be dismissed because there are no allegations that the

Debtor had a property interest of any kind in the premises. This is simply not true. The Trustee

alleged that "[p]ursuant to the Premises Purchase Agreement, the Debtor agreed to the

termination of its lease to operate its skilled nursing facility at the Premises[.]" (ECF No. 18, ¶

48). Under 11 U.S.C. § 541(a)(1), unexpired leasehold interests are property of the bankruptcy

estate. *Brattleboro Hous. Auth. v. Stolz (In re Stolz)*, 197 F.3d 625, 629 (2d Cir. 1999).

Therefore, this argument of the Defendants must fail. The Court now addresses the remainder of

the Defendants' arguments.

First, the Defendants argue that Counts 3, 4, 13, and 14, which allege violations of the

Connecticut Uniform Fraudulent Transfer Act ("CUFTA"), Conn. Gen. Stat. § 52-552a *et seq.*,

must be dismissed because the parking lot and operating assets are encumbered by valid,

perfected liens. Specifically, the Defendants contend that property subject to a valid, perfected

security interest is not an asset under CUFTA, citing *Dietter v. Dietter*, 54 Conn. App. 481, 494,

737 A.2d 926 (1999). The Trustee responds to this argument in her Memorandum by stating that

the transactions by which the Defendants acquired TD Bank's security interests were "part of

one integrated, overall scheme to defraud the Debtor and its creditors by depleting the Debtor's

assets through an inter-related series of transactions." The Complaint, however, does not allow

the Court to draw the reasonable inference that the Defendants are liable for the misconduct

alleged. There is nothing in the Complaint that leads this Court to accept that the alleged

collapsible transaction, at least pertaining to the acquisition of TD Bank's liens, was anything

more than the Defendants using legal means of leverage to obtain the assets. Lacking

plausibility, Counts 3, 4, 13, and 14 must be dismissed.

The Defendants also argue that Counts 1–4, 11–14, and 16 must be dismissed because the

Trustee has not pleaded facts that would show that recovery of the property sought would benefit

the estate. The Court agrees. Counts 1–4, 11–14, and 16 must, therefore, be dismissed. Because

the Court dismisses Counts 1–4 as to the Defendants, it need not consider the Defendants'

argument that, pursuant to 11 U.S.C. § 550(a), the Trustee may only recover the parking lot from

Grand Street PL and the operating assets from Parkside. Additionally, because the Court

dismisses Counts 1–4, the Defendants argue, there is no basis for the Court to proceed as to

Count 5. The Court agrees. Count 5, too, must be dismissed.

The Defendants next argue that Count 17 must be dismissed because the Complaint does

not allege a confidential relationship necessary to establish a constructive trust. (ECF No. 18).

The Trustee admits in her Memorandum that her allegations as to this claim were conclusory.

Conclusory allegations are not entitled to an assumption of truth under *Iqbal*. Therefore, Count

17 must be dismissed.

Next, the Defendants argue that Count 18 should be dismissed because there are no

allegations in the Complaint that the transfers of the parking lot or operating assets were

deceptive under the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-

110a *et seq*. The Court agrees that the allegations fail to state a CUTPA claim and, therefore,

dismisses Count 18 as to Grand Street PL and Parkside.

The Defendants then argue that Counts 19 and 20 should be dismissed because there was no detriment to unsecured creditors. The Court agrees that the allegations regarding the parking lot and operating assets did not include allegations that the value of the assets exceeded the value of CT Finance 1, LLC's lien. As such, Counts 19 and 20 are dismissed as to Grand Street PL and Parkside.

Finally, the Defendants argue that Count 24 is derivative of the other counts pertaining to 11 U.S.C. §§ 544, 548, and 550. The Court agrees and dismisses Count 24.

IV.    CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss is GRANTED in part. The following counts are hereby dismissed: Counts 1–5, 11–14, 16, 17, and 24 except to the extent that any pertain to Ms. Griggs; and Counts 18–20 as to Grand Street PL and Parkside only. The Trustee may nonetheless replead the dismissed counts within twenty-one days hereof. All other counts remain operative.[2]

IT IS SO ORDERED at Hartford, Connecticut this 14th day of November 2018.

James J. Tancredi
United States Bankruptcy Judge
District of Connecticut

---

[2] The Defendants' prayer for relief also asked for Counts 15 and 23 to be dismissed. Those counts were not addressed by the Defendants in their accompanying memorandum of law. Without analysis, there is no basis to dismiss those claims and the Court declines to do so.