**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE NO. | 16-20960 (JJT) |
| | ) | | |
| WALNUT HILL, INC., | ) | | |
|        DEBTOR. | ) | CHAPTER | 7 |
| | ) | | |
| BONNIE C. MANGAN, TRUSTEE, | ) | ADV. PRO. NO. | 18-02028 (JJT) |
|        PLAINTIFF | ) | | |
| | ) | | |
| V. | ) | RE: ECF NOS. | 50, 54, 68, 71 |
| | ) | | |
| TL MANAGEMENT, LLC; CT FINANCE 1, LLC; PARKSIDE REHABILITATION AND HEALTHCARE CENTER, LLC; GRAND STREET NURSING, LLC; GRAND STREET REAL ESTATE, LLC; GRAND STREET PL, LLC; TUNIC CAPITAL, LLC; TEDDY LICHTSCHEIN; ELIEZER SCHEINER; AND ANNEMARIE GRIGGS, | ) ) ) ) ) ) ) ) ) | | |
|        DEFENDANTS. | ) ) | | |

## **APPEARANCES**

| | |
|---|---|
| Lawrence S. Grossman<br>Joanna M. Kornafel<br>Green & Sklarz LLC<br>700 State Street, Suite 100<br>New Haven, CT 06511 | Attorneys for Bonnie C. Mangan, Chapter 7 Trustee |
| David C. Shufrin<br>Hurwitz Sagarin Slossberg & Knuff, LLC<br>147 North Broad Street<br>Milford, CT 06460 | Attorney for Bonnie C. Mangan, Chapter 7 Trustee |
| Elizabeth A. Green<br>Jorian L. Rose<br>Wendy C. Townsend<br>Baker & Hostetler | Attorneys for Defendants TL Management, LLC; CT Finance 1, LLC; Parkside Rehabilitation and Healthcare Center, LLC; Grand Street Nursing, LLC; Grand Street |

| | |
|---|---|
| Sun Trust Center<br>200 South Orange Avenue, Suite 2300<br>Orlando, FL 32801 | Real Estate, LLC; Grand Street PL, LLC; Tunic Capital, LLC; Teddy Lichtschein; and Eliezer Scheiner |
| Thomas A. Gugliotti<br>Kevin J. McEleney<br>Updike, Kelly & Spellacy, P.C.<br>100 Pearl Street, P.O. Box 231277<br>Hartford, CT 06123 | Attorneys for Defendants TL Management, LLC; CT Finance 1, LLC; Parkside Rehabilitation and Healthcare Center, LLC; Grand Street Nursing, LLC; Grand Street Real Estate, LLC; Grand Street PL, LLC; Tunic Capital, LLC; Teddy Lichtschein; and Eliezer Scheiner |
| Timothy D. Miltenberger<br>Coan Lewendon Gulliver & Miltenberger<br>495 Orange Street<br>New Haven, CT 06511 | Attorney for Defendant Annemarie Griggs |

## RULING AND MEMORANDUM OF DECISION DENYING AND GRANTING IN PART DEFENDANTS' MOTION TO DISMISS

I. INTRODUCTION

On August 10, 2018, the Defendants[1] filed a Motion to Dismiss the Adversary Proceeding (ECF No. 18), which the Court granted in part on November 14, 2018, giving Bonnie C. Mangan ("Chapter 7 Trustee") leave to file an amended complaint (ECF No. 44). On December 20, 2018, the Chapter 7 Trustee filed a First Amended Complaint (ECF No. 49). The following day, the Chapter 7 Trustee filed a Motion for Leave to File a Second Amended Complaint and attached the Second Amended Complaint ("SAC," ECF No. 50), which the Court allowed (ECF No. 52). Based largely on the Chapter 7 Trustee's Rule 2004 examinations, the SAC further elaborated on Defendants Lichtschein's and Scheiner's formation of the Defendant entities used in the alleged collapsible fraudulent transfer. Counts 1–4 are claims for fraudulent transfers against the

---

[1] The Defendants include all named defendants except Annemarie Griggs. These Defendants include TL Management, LLC; CT Finance 1, LLC ("CT Finance"), Parkside Rehabilitation and Healthcare Center, LLC ("Parkside"); Grand Street Nursing, LLC; Grand Street Real Estate, LLC; Grand Street PL, LLC ("Grand Street PL"); Tunic Capital, LLC; Teddy Lichtschein; and Eliezer Scheiner. All references in this opinion to the Defendants shall be to these parties and not to Ms. Griggs. Where necessary, the Court refers to the defendants individually.

2

Defendants, and Count 5 alleges the Defendants committed civil conspiracy in connection thereto. Counts 11–16 seek relief for fraudulent, preferential, and avoidable transfers specifically against Parkside. Count 17 asks for a constructive trust against Parkside and Grand Street PL. Count 18 claims unfair trade practices by the Defendants under Connecticut law, and Counts 19–20 allege unjust enrichment against all of the Defendants. Count 22 seeks declaratory relief against Parkside, and Counts 23–24 seek to disallow all of the Defendants' claims. The SAC also added Count 25 to subordinate all of CT Finance's claims pursuant to 11 U.S.C. § 510(c).

The Defendants' Motion to Dismiss the SAC ("Motion," ECF No. 54) is before the Court. The crux of the Defendants' argument is that, pursuant to Fed. R. Civ. P. 12(b)(6), as made applicable to this proceeding by Fed. R. Bankr. P. 7012(b), the Chapter 7 Trustee has again failed to state claims upon which relief may be granted because she has not adequately pled the elements of a collapsible fraudulent transfer. The Defendants ask this Court to dismiss Counts 1–5, 11–20, and 22–25 of the SAC. The Chapter 7 Trustee, in her Objection and Memorandum of Law in Opposition to the Motion ("Objection," ECF No. 68), argues that the SAC alleges valid claims for relief and that the Defendants' arguments ignore the interrelatedness of the various transactions. The Defendants filed a Response to the Objection (ECF No. 71). On April 9, 2019, the Court held a hearing on the Motion, Objection, and Response.

The Court assumes the parties' familiarity with the factual and legal allegations in the SAC. Having reviewed those allegations, the Motion, the Objection, the Response, the record, and all relevant submissions by the parties, for the reasons set forth below, the Court denies the Motion, except as it pertains to Counts 17 and 19, which the Court dismisses.

## II. LEGAL STANDARD

The Supreme Court laid out a two-step test to evaluate a complaint's sufficiency. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, except for legal conclusions, all allegations contained in the complaint are accepted as true. *Id.* Second, the complaint must state a plausible claim for relief to survive dismissal. *Id.* at 679. The plaintiff makes a facially plausible claim when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (citation and internal quotation marks omitted). "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted).

## III. DISCUSSION

The Defendants largely trumpet the arguments that they made in their first motion to dismiss, which was partially granted by this Court. However, based on the Chapter 7 Trustee's repleading, except for Counts 17 and 19, the Chapter 7 Trustee has adequately pled her fraudulent and preferential transfer allegations against the Defendants in the SAC to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). While the Defendants desire to break down the alleged

collapsible fraudulent transfer into individual transfers, they ignore the additional factual allegations that the Chapter 7 Trustee pled in the preceding portions of the SAC, which she expressly incorporated into each count of the SAC. Those factual allegations, if true, provide sufficient proof that the Defendants engaged in complex fraudulent conduct and used their positions to engage in artfully disguised self-serving conduct, stripping the Debtor of its assets before its Chapter 7 bankruptcy filing. Accordingly, Counts 1–4, 11–14, and 18 are not dismissed. As the Defendants' Motion once again did not provide support for dismissing the preferential transfer claims or their avoidance, the Court leaves Counts 15–16 intact.

Next, the Defendants argue that because all of the underlying causes of action alleged by the Chapter 7 Trustee fail to state claims upon which relief can be granted, Count 5 for civil conspiracy must also be dismissed. Having rejected their arguments, except as to Counts 17 and 19, the Court likewise rejects the Defendants' argument regarding civil conspiracy. As Counts 23–24 derive from the fraudulent and preferential transfer counts, they also are not dismissed by this Court.

The Court, however, does agree with the Defendants that the Chapter 7 Trustee has again failed to establish the elements of a constructive trust[2] by failing to allege that either Parkside or Grand Street PL had any type of confidential or special relationship with the Debtor. *See IM Partners v. Debit Direct Ltd.*, 394 F. Supp. 2d 503, 520 (D. Conn. 2005) (citing *Starzec v. Kida*, 183 Conn. 41, 49, 438 A.2d 1157, 1162 (1981)); *Hill v. Wilcox*, 2018 WL 3096563 *4 (Conn. Super. Ct. 2018). Without more factual allegations from the Chapter 7 Trustee establishing that a confidential relationship existed, the Defendants have met their burden to dismiss Count 17 for a constructive trust.

---

[2] State law defines constructive trusts. *Ades and Berg Grp. Inv'rs v. Breeden (In re Ades and Berg Grp. Inv'rs)*, 550 F.3d 240, 245 (2d Cir. 2008) (quotations and citation omitted).

As the Chapter 7 Trustee wholeheartedly admits in her Objection, she is unclear as to which Defendants were unjustly enriched and asks this Court to allow her to prove that one or more of the Defendants was enriched by the alleged collapsible fraudulent transfer scheme. Although she provides enough specific facts to support Count 20's claim against Parkside for unjust enrichment, the allegations in Count 19 are nothing more than bare assertions, which do not rise to the *Iqbal* pleadings standards. Therefore, Count 19 is dismissed.

The Court will let Count 22 stand based on the factual allegations asserted because assuming, as pled, that Parkside has no legal right to the Insurance Refunds and Payments, as the Chapter 7 Trustee argues, then she may succeed on her claim for a declaratory judgment.

Lastly, in this context, the Defendants want to make arguments about the weight of the evidence that the Chapter 7 Trustee presented to support Count 25. A motion to dismiss is not the appropriate place to weigh the likelihood of success on the merits of a claim; it is the place to weigh whether there is any factual merit to a claim supported by the complaint. Motions to dismiss are meant "merely to assess the legal feasibility of the complaint, not to assay the weight of evidence which might be offered in support thereof." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc.*, 748 F.2d 774, 779 (2d Cir. 1984) (quoting *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980)). Based on the allegations that the Chapter 7 Trustee alleged in the SAC, Count 25 sufficiently states an equitable subrogation claim, and therefore the Court will not dismiss Count 25.

In their arguments herein, the Defendants desire for this Court to read the SAC in an unduly narrow manner. Although the Court makes no determination as to the weight and credibility given to the Chapter 7 Trustee's allegations at this juncture, the allegations, as pled, sufficiently establish the plausibility that the Defendants engaged in a collapsible fraudulent transfer or were unjustly

enriched by their actions. Drawing upon its experience and common sense, the Court is satisfied that the Chapter 7 Trustee has provided plausible facts to otherwise survive a motion to dismiss. Therefore, the Court denies the Defendants' Motion in all respects, except as to Counts 17 and 19.

IV.     CONCLUSION

For the foregoing reasons, it is hereby:

**ORDERED** that the Defendants' Motion to Dismiss is **DENIED** as to Counts 1–5, 11–16, 18, 20, and 22–25, except that it is **GRANTED**, in part, so that Counts 17 and 19 of the SAC are **DISMISSED**.

**IT IS SO ORDERED** at Hartford, Connecticut on this 10th day of May 2019.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut