**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION**

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE NO. | 16-20960 (JJT) |
| | ) | | |
| WALNUT HILL, INC., | ) | | |
|     DEBTOR. | ) | CHAPTER | 7 |
| | ) | | |
| BONNIE C. MANGAN, TRUSTEE, | ) | ADV. PRO. NO. | 18-02028 (JJT) |
|     PLAINTIFF | ) | | |
| | ) | | |
| V. | ) | RE: ECF NOS. | 50, 54, 56, 57, 67, 72 |
| | ) | | |
| TL MANAGEMENT, LLC; CT FINANCE 1, LLC; PARKSIDE REHABILITATION AND HEALTHCARE CENTER, LLC; GRAND STREET NURSING, LLC; GRAND STREET REAL ESTATE, LLC; GRAND STREET PL, LLC; TUNIC CAPITAL, LLC; TEDDY LICHTSCHEIN; ELIEZER SCHEINER; AND ANNEMARIE GRIGGS, | ) | | |
|     DEFENDANTS. | ) | | |

**APPEARANCES**

| | |
|---|---|
| Lawrence S. Grossman<br>Joanna M. Kornafel<br>Green & Sklarz LLC<br>700 State Street, Suite 100<br>New Haven, CT 06511 | Attorneys for Bonnie C. Mangan, Chapter 7 Trustee |
| David C. Shufrin<br>Hurwitz Sagarin Slossberg & Knuff, LLC<br>147 North Broad Street<br>Milford, CT 06460 | Attorney for Bonnie C. Mangan, Chapter 7 Trustee |
| Elizabeth A. Green<br>Jorian L. Rose<br>Wendy C. Townsend<br>Baker & Hostetler | Attorneys for Defendants TL Management, LLC; CT Finance 1, LLC; Parkside Rehabilitation and Healthcare Center, LLC; Grand Street Nursing, LLC; Grand Street |

| | |
|---|---|
| Sun Trust Center<br>200 South Orange Avenue, Suite 2300<br>Orlando, FL 32801 | Real Estate, LLC; Grand Street PL, LLC; Tunic Capital, LLC; Teddy Lichtschein; and Eliezer Scheiner |
| Thomas A. Gugliotti<br>Kevin J. McEleney<br>Updike, Kelly & Spellacy, P.C.<br>100 Pearl Street, P.O. Box 231277<br>Hartford, CT 06123 | Attorneys for Defendants TL Management, LLC; CT Finance 1, LLC; Parkside Rehabilitation and Healthcare Center, LLC; Grand Street Nursing, LLC; Grand Street Real Estate, LLC; Grand Street PL, LLC; Tunic Capital, LLC; Teddy Lichtschein; and Eliezer Scheiner |
| Timothy D. Miltenberger<br>Coan Lewendon Gulliver & Miltenberger<br>495 Orange Street<br>New Haven, CT 06511 | Attorney for Defendant Annemarie Griggs |

**RULING AND MEMORANDUM OF DECISION
DENYING MS. GRIGGS' MOTION TO DISMISS**

I.    INTRODUCTION

On December 21, 2018, Bonnie C. Mangan ("Chapter 7 Trustee") filed the Second Amended Complaint ("SAC," ECF No. 50). Defendant Annemarie Griggs' Motion to Dismiss the SAC ("Motion," ECF No. 56) and supporting Memorandum of Law (ECF No. 57) are before this Court. Based largely on the Chapter 7 Trustee's Rule 2004 examinations, the SAC further elaborated on Defendants Teddy Lichtschein's and Eliezer Scheiner's formation of the Defendant entities used in the alleged collapsible fraudulent transfer. Of import to this Motion are the following counts raising claims against Ms. Griggs: Counts 1–4 and 6–9 are claims for fraudulent transfers, Count 5 alleges Ms. Griggs committed civil conspiracy in connection thereto, Count 10 is for breach of fiduciary duty, Count 21 alleges unjust enrichment, and Count 24 seeks to disallow all of Ms. Griggs' claims.

The crux of Ms. Griggs' argument is that pursuant to Fed. R. Civ. P. 12(b)(6), as made applicable to this proceeding by Fed. R. Bankr. P. 7012(b), the Chapter 7 Trustee has failed to state

claims upon which relief may be granted. In her prayer for relief, Ms. Griggs asks this Court to dismiss all of the causes of action that the Chapter 7 Trustee asserted against her, which include Counts 1–10, 21, and 24 of the SAC. The Chapter 7 Trustee, in her Objection and Memorandum of Law in Opposition to the Motion ("Objection," ECF No. 67), argues that the SAC alleges valid claims for relief and that Ms. Griggs' arguments ignore the interrelatedness of the various transactions. The Defendants filed a Reply Memorandum of Law in Support of the Motion ("Reply," ECF No. 72). On April 9, 2019, the Court held a hearing on the Motion, Objection, and Reply.

The Court assumes the parties' familiarity with the factual and legal allegations in the SAC. Having reviewed those allegations, the Motion, the Objection, the Reply, the record, and all relevant submissions by the parties, for the reasons set forth below, the Court denies the Motion.

II.     LEGAL STANDARD

The Supreme Court laid out a two-step test to evaluate a complaint's sufficiency. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, except for legal conclusions, all allegations contained in the complaint are accepted as true. *Id.* Second, the complaint must state a plausible claim for relief to survive dismissal. *Id.* at 679. The plaintiff makes a facially plausible claim when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (citation and internal quotation marks omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific

3

task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted).

III.    DISCUSSION

Based on the Chapter 7 Trustee's repleading, she has adequately pled her fraudulent transfer and unjust enrichment allegations against Ms. Griggs in the SAC to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). In her Motion, Ms. Griggs expressly adopts her co-Defendants' arguments on the collapsible fraudulent transfer from their Motion to Dismiss (ECF No. 54). While Ms. Griggs would like to break down the alleged collapsible fraudulent transfer into individual transfers, just as her co-Defendants did, Ms. Griggs ignores the additional factual allegations that the Chapter 7 Trustee pled in the preceding portions of the SAC, which she expressly incorporated into each count of the SAC. Those factual allegations, if true, would provide sufficient proof that Ms. Griggs, along with the other named Defendants, engaged in complex fraudulent conduct and used their positions of power and control to engage in artfully disguised self-serving transactions, stripping the Debtor of its assets before its Chapter 7 bankruptcy filing.

It is uncontested that Ms. Griggs received $175,000.00 as a "consulting fee", and as the Chapter 7 Trustee alleges, the money came directly or indirectly from the Debtor. While the Chapter 7 Trustee cannot pinpoint the exact entity that initially paid Ms. Griggs, she plausibly argues that the payment came at the expense of the Debtor and unjustly enriched Ms. Griggs. Accordingly, Counts 1–4, 6–9, and 21 are not dismissed. As Count 24 derives from the fraudulent transfer counts, and the Motion did not delineate an argument for Count 24's dismissal, it also is not dismissed by this Court.

Next, Ms. Griggs argues that the Chapter 7 Trustee has failed to allege the elements of a cause of action for breach of fiduciary duty, Count 10. This argument is a non-starter for the Court, as Ms. Griggs failed to brief her argument that she owed no fiduciary duty to the Debtor. Instead, she attempts to engage in arguing the merits of the count, and whether she did indeed breach her fiduciary duty based on the allegations that the Chapter 7 Trustee presented to support Count 10.

A motion to dismiss is not the appropriate place to weigh the likelihood of success on the merits of a claim; it is the place to weigh whether there is any factual merit to a claim supported by the complaint. A motion to dismiss is meant "merely to assess the legal feasibility of the complaint, not to assay the weight of evidence which might be offered in support thereof." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc.*, 748 F.2d 774, 779 (2d Cir. 1984) (quoting *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980)). It is abundantly clear from the facts pled that the Chapter 7 Trustee has alleged that Ms. Griggs owed a fiduciary duty to the Debtor. Thus, the Court will not dismiss Count 10.

Lastly, Ms. Griggs argues that the Chapter 7 Trustee has failed to allege that Ms. Griggs has done an unlawful act, so Count 5 for civil conspiracy must also be dismissed. Ms. Griggs did no further briefing in support of this argument, and she has conveniently failed to include, or argue against, the alternate civil conspiracy theory—that Ms. Griggs never engaged in a lawful act done by criminal or unlawful means. Without more, Count 5, as pled, passes the *Iqbal* standard, and the Court will not dismiss it.

In her arguments herein, Ms. Griggs, like her co-Defendants, desires for this Court to read the SAC in an unduly narrow manner. Although the Court makes no determination as to the weight and credibility given to the Chapter 7 Trustee's allegations at this juncture, the allegations, as pled, sufficiently establish the plausibility that Ms. Griggs participated in a collapsible fraudulent

5

transfer or was unjustly enriched by it. Drawing upon its experience and common sense, the Court is satisfied that the Chapter 7 Trustee has provided plausible facts to otherwise survive a motion to dismiss. Therefore, the Court denies Ms. Griggs' Motion in all respects.

IV.     CONCLUSION

For the foregoing reasons, it is hereby:

**ORDERED** that Ms. Griggs' Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED** at Hartford, Connecticut on this 10th day of May 2019.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut