**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| IN RE: ) | CHAPTER 7 |
| ) | |
| ) | CASE NO. 16-20960 (JJT) |
| WALNUT HILL, INC., ) | |
| ) | |
| DEBTOR. ) | |
| ) | |
| BONNIE C. MANGAN, Chapter 7 Trustee for ) | |
| WALNUT HILL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. Pro. No. 18-02028 (JJT) |
| ) | |
| TL MANAGEMENT, LLC, CT FINANCE 1, LLC, ) | |
| PARKSIDE REHABILITATION AND HEALTHCARE ) | RE: ECF No. 102 |
| CENTER, LLC, GRAND STREET NURSING, LLC, ) | |
| GRAND STREET REAL ESTATE, LLC, GRAND ) | |
| STREET PL, LLC, TUNIC CAPITAL, LLC, TEDDY ) | |
| LICHTSCHEIN, ELIEZER SCHEINER, and ) | |
| ANNEMARIE GRIGGS ) | |
| ) | |
| Defendants. ) | |
| BONNIE C. MANGAN, Chapter 7 Trustee for ) | |
| WALNUT HILL INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. Pro. No. 18-02027 (JJT) |
| ) | |
| CITY OF NEW BRITAIN, GRAND STREET REAL ) | |
| ESTATE, LLC, GRAND STREET PL, LLC, TL ) | |
| MANAGEMENT, LLC, ELIEZER SCHEINER, and ) | |
| TEDDY LICHTSCHEIN ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER GRANTING MOTION TO APPROVE SETTLEMENT AGREEMENT BETWEEN BONNIE C. MANGAN, CHAPTER 7 TRUSTEE FOR WALNUT HILL, INC., AND DEFENDANTS TL MANAGEMENT, LLC, CT FINANCE I, LLC, PARKSIDE REHABILITATION AND HEALTHCARE CENTER, LLC, GRAND STREET NURSING, LLC, GRAND STREET REAL ESTATE, LLC, GRAND STREET PL, LLC, TUNIC CAPITAL, LLC, TEDDY LICHTSCHEIN, ELIEZER SCHEINER, AND ANNEMARIE GRIGGS**

Upon the *Motion to Approve Settlement Agreement Between Bonnie C. Mangan, Chapter 7 Trustee and TL Management, LLC, CT Finance 1, LLC, Parkside Rehabilitation and Healthcare Center, LLC, Grand Street Nursing, LLC, Grand Street Real Estate, LLC, Grand Street PL, LLC, Tunic Capital, LLC, Teddy Lichtschein, Eliezer Scheiner, and Annemarie Griggs* (the "Motion"), seeking approval of the terms of the agreement (the "Agreement") by and between Bonnie C. Mangan, Chapter 7 Trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Walnut Hill, Inc. (the "Debtor"), on the one hand, and TL Management, LLC ("TL Management"), CT Finance 1, LLC ("CT Finance"), Parkside Rehabilitation and Healthcare Center, LLC ("Parkside"), Grand Street Nursing, LLC ("Grand Street Nursing"), Grand Street Real Estate, LLC ("Grand Street Real Estate"), Grand Street PL, LLC ("Grand Street PL"), Tunic Capital, LLC ("Tunic Capital"), Teddy Lichtschein ("Lichtschein"), Eliezer Scheiner ("Scheiner", collectively with TL Management, CT Finance, Parkside, Grand Street Nursing, Grand Street Real Estate, Grand Street PL, Tunic Capital, and Lichtschein, the "TL Management Defendants"), and Annemarie Griggs ("Griggs", collectively with the TL Management Defendants, the "Settling Defendants"), on the other hand, and due and adequate notice having been made, and upon further consideration by the Court, it is hereby:

**ORDERED** that, the Motion is hereby granted; and it is further

**ORDERED** that, all capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion and/or the Agreement; and it is further

2

**ORDERED** that, pursuant to Federal Rule of Bankruptcy Procedure 9019 and 11 U.S.C. § 105(a), the Agreement is authorized and approved in its entirety and all of its terms and conditions are incorporated herein by reference; and it is further

**ORDERED** that, Baker Hostetler LLP shall release to the Trustee the TL Management Payment, $340,000.00, in full and final satisfaction of any claim the Trustee may have against the TL Management Defendants; and it is further

**ORDERED** that, the Trustee shall be entitled to retain the Griggs Payment, $30,000.00, in full and final satisfaction of any claim the Trustee may have against Griggs; and it is further

**ORDERED** that, upon the entry of this Order and the Trustee's receipt of the respective Settlement Payments, the respective Settling Defendants will be deemed to have waived their rights to receive any distribution from the Debtor's Estate, including, but not limited to (i) any claims that could be, or have been, asserted by the Settling Defendants against the Trustee and/or the Debtor's Estate, including the Parkside POCs, the CT Finance POCs, and the Tunic Capital POC; (ii) Parkside's claims to the Insurance Refunds and Payments; (iii) and any claims the Settling Defendants may have related to 11 U.S.C. § 502(h); and it is further

**ORDERED** that, upon the entry of this Order and in consideration of, and upon the Trustee's receipt of, the respective Settlement Payments and waiver of claims, (i) the Trustee, on behalf of herself, the Debtor and the Estate, shall release each Settling Defendant, the Estate of Donald Griggs, and the Estate of Helen Karlonas of any and all obligations, claims, and demands arising out of, by reason of, or relating to the Adversary Proceedings or the allegations of the operative complaints in the Adversary Proceedings, including any and all claims, whether known or unknown, that any Party could assert against the other from the beginning of time through the date of the Motion concerning any avoidance claims that were asserted, or could have been

asserted, under Chapter 5 of the Bankruptcy Code; (ii) the TL Management Defendants will exchange mutual general releases with Griggs; (iii) the Settling Defendants shall release the Trustee, the Debtor, and the Estate from any and all obligations, claims, and demands arising out of, by reason of, or relating to the Adversary Proceedings, the Parkside POCs, the Insurance Refunds and Payments, the CT Finance POCs, or the Tunic Capital POC; and (iv) TL Management, Grand Street Real Estate, Grand Street PL, Scheiner, and Lichtschein shall exchange mutual releases with the City of New Britain; *provided*, *however*, that nothing contained in this paragraph shall in any way release any obligation of any party under the Agreement; and it is further

**ORDERED** that, upon entry of this Order, the Trustee and the City of New Britain shall sign a stipulation of dismissal, with prejudice, providing that each party shall be responsible for its own attorney's fees and costs, and dismissing the City of New Britain from Adversary Proceeding No. 18-02027, in consideration for, in part, (i) the TL Management Payment made to the Trustee by TL Management, Grand Street Real Estate, Grand Street PL, Scheiner, and Lichtschein, who are the City of New Britain's co-defendants in Adversary Proceeding No. 18-02027; (ii) the exchange of mutual releases between the City of New Britain, on the one hand, and TL Management, Grand Street Real Estate, Grand Street PL, Scheiner, and Lichtschein on the other hand, of any and all claims that they asserted, or could have asserted, against each other in Adversary Proceeding No. 18-02027, including, but not limited to, any and all actions, causes of actions, counterclaims, cross-claims, or otherwise; and (iii) the exchange of mutual releases between the Trustee on behalf of herself, the Debtor, and the Estate, on the one hand, and the City of New Britain, on the other hand, of any and all claims that they may have asserted, or could have asserted, against each other, in Adversary Proceeding No. 18-02027, including, but

not limited to, any and all actions, causes of action, claims, counterclaims, cross-claims, or otherwise.  This release includes any potential vexatious litigation claims stemming from Adversary Proceeding No. 18-02027; and it is further

**ORDERED** that, the United States Bankruptcy Court for the District of Connecticut shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order, notwithstanding the closure or dismissal of the Debtor's bankruptcy case.

Dated at Hartford, Connecticut this 2nd day of March, 2020.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut